IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MCRAY BENNETT,

    Plaintiff,

v.

M. BUTTON, et al.,

    Defendants.

No. C 10-03775 SBA (PR)

**ORDER SERVING COGNIZABLE CLAIMS AND ADDRESSING PLAINTIFF'S PENDING MOTIONS**

(Docket no. 8, 10)

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at California State Prison - Corcoran, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was incarcerated at Salinas Valley State Prison (SVSP) in 2007.

His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: SVSP Correctional Officers M. Button, M. Gonzalez and D.D. Vega; SVSP Sergeant S. Deathriage; SVSP Lieutenants W. Showalter and R.A. Kessler; and SVSP Nurse J. C. Ivey. Plaintiff seeks monetary damages.

Plaintiff has filed a motion for appointment of counsel (docket no. 10).

Plaintiff has also filed a motion entitled, "Request for Order to Serve Summons and Complaint Prior to Statue [sic] of Limitations" (docket no. 8), which will be construed as a motion to screen the complaint. Plaintiff's motion to screen the complaint is GRANTED. Defendants shall respond to the allegations in the complaint as set forth below.

The Court now reviews the claims raised in Plaintiff's complaint.

## DISCUSSION

**I.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.  Legal Claims

### A.  Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on October 21, 2007, he was subjected to excessive force by Defendants Button and Gonzalez. Specifically, Plaintiff alleges that Defendants Button and Gonzalez used pepper spray to end an altercation between Plaintiff and another prisoner, "when Plaintiff was out of striking distance and non-combative." (Compl., "Cause of Action--Intentional Tort" at 4, 7.) Plaintiff claims that the other prisoner was not targeted by Defendants, and that Plaintiff "was the only one directly inflicted with the pepper spray to his face and upper torso." (Id.) He claims that he sustained injuries as a result of this incident.

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendants Button and Gonzalez.

### B.  Due Process

Interests that are procedurally protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and the laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Although the hardship associated with administrative segregation is not so

severe as to violate the Due Process Clause itself, see Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), changes in conditions of confinement may amount to a deprivation of a state-created and constitutionally protected liberty interest, provided the liberty interest in question is one of "real substance," see Sandin v. Conner, 515 U.S. 472, 477, 484-87 (1995), and, in particular, where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," see id. at 484. Indefinite placement in the Security Housing Unit (SHU) may amount to a deprivation of a liberty interest of real substance within the meaning of Sandin, i.e., an "atypical and significant hardship." See Wilkinson v. Austin, 125 S. Ct. 2384, 2394-95 (2005).

When prison officials determine that a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that such officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. See Toussaint, 801 F.2d at 1100; see also Wilkinson, 125 S. Ct. at 2397 (determining prisoner constitutionally entitled only to informal, non-adversary procedures prior to assignment to "supermax" facility).

Due process also requires that an evidentiary basis exist for a prison official's decision to place an inmate in segregation for administrative reasons. See Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. This standard is met if there is "some evidence" from which the conclusion of the administrative tribunal can be deduced. Id. at 1105. Additionally, it has been held that the evidence relied upon to confine an inmate to the SHU for gang affiliation must have "some indicia of reliability" to satisfy due process requirements. See Madrid v. Gomez, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (holding evidence relied upon by prison disciplinary board must have "some indicia of reliability"). Finally, prison officials must engage in some sort of periodic review of an inmate's confinement in administrative segregation, see Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983); Toussaint, 801 F.2d at 1101, which review must amount to more than "meaningless gestures," Toussaint v. Rowland, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing Toussaint, 801 F.2d at 1102).

3

Here, Plaintiff alleges that the evidence relied upon by Defendants in determining that he should be placed in administrative segregation in 2007 was neither sufficient nor reliable. He first alleges that Defendant Button filed three false rules violation reports, and "testified at hearings to substantiate the false reports" despite knowledge of witnesses who contradicted his reports. (Compl., "Cause of Action -- Intentional Tort" at 2.) He claims Defendant Button "failed to investigate [the] incident for proof and accuracy of [his] report, and fail[ed] to include vital information critical to the consequences of Plaintiff, prior to submitting [the] otherwise detailed report." (Id. at 3.) Second, Plaintiff alleges that Defendant Gonzalez filed a false incident report, and failed "to investigate [the] incident" and to "include vital information critical to the consequences of Plaintiff." (Id. at 6.) Third, Plaintiff alleges that Defendants Vega and Ivey falsely reported "that Plaintiff was decontaminated" with air and water, (id. at 15, 18); however, Plaintiff claims he was placed in a holding cell without any form of decontamination following the discharge of pepper spray. Fourth, Plaintiff claims that Defendants Deathriage and Showalter failed to "require a thorough assessment of the entire incident (especially with conflicting staff reports), that resulted in the submission of several false and/or inaccurate reports, unecessary [sic] use of force, and Plaintiff's placement in administrative segregation." (Id. at 11.) Plaintiff also alleges that Defendants Deathriage and Showalter used inaccurate information in their own reports, (id.), and threatened placement in administrative segregation "in an attempt to blackmail Plaintiff into signing [a document] . . . admonishing guilt to the fictitious reports and relieving the department of any liability of future confrontations between Plaintiff and assailant, (id. at 12). Lastly, Plaintiff alleges that Defendant Kessler "failed to indicate, consider, and apply in his findings, evidence supporting Plaintiff's account" of the incident, and instead "only considered, as indicated in his documented findings, the reports that identify Plaintiff as guilty" of the rules violation. (Id. at 21.)

Therefore, Plaintiff argues that no evidentiary basis existed for Defendants' decision to place Plaintiff in segregation for administrative reasons in 2007. See Toussaint, 801 F.2d at 1104-05. He alleges that Defendants Button, Gonzalez, Vega, Ivey, Deathriage, Showalter and Kessler were responsible for these violations insofar as they participated in the decisions to place him in administrative segregation. Liberally construed, such allegations state cognizable due process

claims against these Defendants.

### C. Cruel and Unusual Punishment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). As mentioned above, the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-733.

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. See, e.g., Hudson, 503 U.S. at 9-10 (8th Amendment excludes from constitutional recognition de minimis uses of force). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. See Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981).

Here, Plaintiff alleges that Defendant Button, "by an act of cruel and unusual punishment, placed a lien or 'hold' against Plaintiff's personal account funds in the amount of $67.66 for false

5

allegations of destruction of state property." (Compl., "Cause of Action -- Intentional Tort" at 3.) Plaintiff claims he was unable to access the money "for several months until [the] matter was resolved in favor of Plaintiff through the prison appeals." (Id.)

The Court finds no cruel and unusual punishment where Defendant Button deprived Plaintiff of $67.66 for several months because Plaintiff was merely inconvenienced for a short period of time and thus he only suffered de minimis injuries. Accordingly, the claim against Defendant Button for cruel and unusual punishment for placing a lien on Plaintiff's funds is DISMISSED with prejudice and without leave to amend.

### III.  Motion for Appointment of Counsel

On March 25, 2011, Plaintiff filed a motion entitled, "Ex Parte Motion for Assignment of Counsel, and Supporting Memorandum of Points and Authorities" (docket no. 10). Plaintiff seeks the appointment of counsel due to his lack of legal experience, lack of income and limited access to the prison law library. (Mot. at 2.)

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the

complexity of the issues involved.  See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, the request for appointment of counsel (docket no. 10) is DENIED without prejudice.  This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the Court will be in a better position to consider the procedural and substantive matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a COGNIZABLE Eighth Amendment claim for the use of excessive force against Defendants Button and Gonzalez.

2. Plaintiff states a COGNIZABLE due process claim against Defendants Button, Gonzalez, Vega, Ivey, Deathriage, Showalter and Kessler.

3. Plaintiff's Eight Amendment cruel and unusual punishment claim against Defendant Button for the hold he placed on Plaintiff's funds is DISMISSED with prejudice and without leave to amend.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **SVSP Correctional Officers M. Button, M. Gonzalez and D.D. Vega; SVSP Sergeant S. Deathriage; SVSP Lieutenants W. Showalter and R. A. Kessler; and SVSP Nurse J. C. Ivey**.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of

such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      6.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

      a.      No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your

8

> complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.     Defendants shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

      d.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8.     All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

11. Plaintiff's "Request for Order to Serve Summons and Complaint Prior to Statue [sic] of Limitations" (docket no. 8), which has been construed as a motion to screen the complaint, is GRANTED.

12. Plaintiff's motion for appointment of counsel (docket no. 10) is DENIED.

13. This Order terminates Docket nos. 8 and 10.

IT IS SO ORDERED.

DATED: 6/24/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Bennett3775.service&denyATTY.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MCRAY BENNETT,

        Plaintiff,

v.

M BUTTON et al,

        Defendant.

Case Number: CV10-03775 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

McRay Bennet D-38373
Corcoran State Prison
P.O. Box 3461
Corcoran, CA 93212-3461

Dated: June 28, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Bennett3775.service&denyATTY.wpd