IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MCRAY BENNETT,

    Plaintiff,

v.

M. BUTTON, et al.,

    Defendants.

No. C 10-03775 SBA (PR)

**ORDER DENYING DEFENDANTS' DISPOSITIVE MOTIONS WITHOUT PREJUDICE; DENYING PLAINTIFF'S PENDING MOTION; AND SETTING NEW BRIEFING SCHEDULE**

(Docket Nos. 36, 41)

    Plaintiff McRay Bennett, state prisoner currently incarcerated at Kern Valley State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was incarcerated at Salinas Valley State Prison (SVSP) in 2007.

    Defendants have filed a motion to dismiss for failure to exhaust administrative remedies. They also move for summary judgment, arguing that there is no disputed issue of material fact, that they are entitled to judgment as a matter of law, and that they are entitled to qualified immunity. Plaintiff has filed an opposition to the aforementioned motions, and Defendants have filed a reply.

    Subsequent to the filing of Defendants' dispositive motions, the Ninth Circuit Court of Appeals rendered a decision which now requires that pro se prisoner-plaintiffs be provided with "notice of what is required of them in order to oppose" summary judgment motions and motions to dismiss for failure to exhaust administrative remedies at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. Woods v. Carey, 684 F.3d 934, 935, 940-41 (9th Cir. 2012).

    Because the Ninth Circuit issued Woods was issued after Defendants' dispositive motions were filed, the Court hereby DENIES Defendants' dispositive motions without prejudice (Docket No. 41), with directions to re-file such motions with the appropriate notices outlined below. The Court has also set a new briefing schedule below, and the parties are directed to abide by this schedule.

    In accordance with the holding of *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir.

2003), for each motion to dismiss for failure to exhaust administrative remedies filed, Defendants must provide the following notice to Plaintiff explaining what he must do to oppose such a motion:

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case, albeit without prejudice.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  A "declaration" is a written statement made "under penalty of perjury" and signed by the person making the statement known as the "declarant," who could either be you or your supporting witness.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendants' declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

In addition, Defendants shall provide the following notice to Plaintiff for each motion for summary judgment filed:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Also before the Court is Plaintiff's motion entitled in the Court's electronic database as: "Motion for Hearing" (Docket No. 36).  Plaintiff requests "hearing dates for motions" that he intends to file in the future.  (Pl.'s Mot. for Hearing at 1.)  He also requests "ten (10) proof of service forms to submit future documents."  (Id.)  Plaintiff's requests are DENIED.  No such hearing dates are

1 necessary because all motions filed in pro se prisoner civil rights cases are decided without a hearing 2 based on the papers submitted.  In addition, Plaintiff may submit handwritten proof of service forms 3 with any documents he files.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Defendants' dispositive motions (Docket No. 41) are DENIED without prejudice, with directions to re-file such motions with the appropriate notices outlined above, no later than **twenty-eight (28) days** from the date of this Order.

2. If Defendants choose to re-file such motions and in order to allow Plaintiff time to oppose the them taking into account the Rand and Wyatt notices, the Court now sets the following new briefing schedule: No later than **sixty-three (63) days** from the date Defendants' dispositive motions are re-filed, Plaintiff must file and serve a supplemental opposition (the filing will be a supplemental opposition because he has already filed an opposition to the original dispositive motions).  No later than **fourteen (14) days** from the date Plaintiff's supplemental opposition is filed, Defendants shall file and serve their supplemental reply because they have already filed a reply to Plaintiff's opposition.  **No further extensions of time will be granted in this case absent exigent circumstances.**

3. Plaintiff's motion entitled, "Motion for Hearing" (Docket No. 36), is DENIED.

4. This Order terminates Docket Nos. 36 and 41.

IT IS SO ORDERED.

DATED:   9/25/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MCRAY BENNETT,

        Plaintiff,

  v.

M BUTTON et al,

        Defendant.

Case Number: CV10-03775 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

McRay Bennett D-38373
Kern Valley State Prison
P.O. Box 5103
Delano, CA 93216

Dated: September 26, 2012

                              Richard W. Wieking, Clerk
                              By: Lisa Clark, Deputy Clerk